UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAC TRUONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01750-TWP-DLP |
| ) | |
| ERIC HOLCOMB, ) | |
| RODRIC BRAY, ) | |
| TODD HUSTON, ) | |
| JOHN YOUNG, ) | |
| SUZANNE CROUCH, ) | |
| TODD ROKITA, ) | |
| VIRGINIA THOMAS, ) | |
| BRETT KAVANAUGH, ) | |
| NEIL GORSUCH, ) | |
| AMY BARRETT, ) | |
| SAMUEL ALITO, ) | |
| CLARENCE THOMAS, ) | |
| JOHN ROBERTS, and ) | |
| DONALD J. TRUMP, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion for Reconsideration**

This matter is before the Court on a Motion for Reconsideration filed by *pro se* Plaintiff Mac Truong ("Plaintiff") (Filing No. 7). On September 1, 2022, Plaintiff filed a Complaint (Filing No. 1) and a request to proceed in district court without prepaying the filing fee (Filing No. 2). On September 6, 2022, the Court denied his motion to proceed *in forma pauperis* because he has sufficient income and/or resources to prepay the entire filing fee of $402.00 (Filing No. 5). The Court gave Plaintiff until September 30, 2022, to pay the filing fee, or this action would be dismissed for failure to prosecute and failure to comply with Court orders. *Id.*

On September 19, 2022, Plaintiff filed his Motion for Reconsideration, asking the Court to vacate its denial of *in forma pauperis* status and grant him such status (Filing No. 7). He argues

that the Court should change its Order and grant him *in forma pauperis* status because when he filed his initial motion he had $1,900.00 in a bank account, but he now he has $600.00 in his account. *Id.* at 1.

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used where the Court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). The purpose of a motion for reconsideration is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore,

> Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail. The Court is entitled to assume that, if [a party] had viable arguments to support its claim, it would have presented them. The Court will not conduct [a party's] research and build [the party's] analysis in order to find facts and law to support [the party's] own claims.

*Brownstone Publ'g, LLC v. At&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009). A motion to reconsider "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Id.*

The Plaintiff's "new evidence" that he now has $600.00 in a bank account does not change the Court's initial determination (and does not warrant granting a motion to reconsider) that Plaintiff has sufficient income and/or resources to prepay the entire filing fee of $402.00. Therefore, Plaintiff's Motion for Reconsideration (Filing No. 7) is **DENIED**. If Plaintiff desires to pursue this action in this federal Court, he must first pay the filing fee. Plaintiff shall have through **Friday, October 28, 2022,** in which to pay the filing fee to the Clerk of the Court. Failure to do so will result in the dismissal of the action.

For the reasons explained below, the **Clerk is directed to temporarily restrict** the attachment to his Motion (Filing No. 7-1) to case participants only.[1]

**SO ORDERED.**

Date:   10/4/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MAC TRUONG
875 Bergen Ave.
Jersey City, NJ 07306

---

[1] Additionally, it has come to the Court's attention that Plaintiff's attachment to his Motion contains his bank account number (Filing No. 7-1 at 3–4). The Clerk of Court is **directed to temporarily restrict** the attachment to his Motion (Filing No. 7-1) to case participants only. Local Rule 5-11(c)(2) provides: "When any of the confidential information in a document is irrelevant or immaterial to resolution of the matter at issue, the filing party may redact, by blacking out, the confidential information in lieu of filing under seal." If appropriate, Plaintiff is given leave to redact the confidential information and refile the attachment to his Motion within twenty-one days of this notice. If a redacted version is not filed within twenty-one days, the case participants restriction will be removed.